**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Yuvisley Quintero Perez, Plaintiff -vs- David R Rivas, Defendant. | CV-26-0341-PHX-DJH (JFM) **Report & Recommendation** |

## I.  MATTER UNDER CONSIDERATION

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba, previously removed from the United States on July 18, 2024.  On January 2, 2025 he applied without documentation for admission at the Calexico, California Port of Entry.  He was detained and charged with being inadmissible. On July 10, 2025 an Immigration Judge denied Petitioner's applications for relief and ordered Petitioner removed to Cuba.  Petitioner appealed to the Board of Immigration Appeals which dismissed Petitioner's appeals on January 30, 2026, leaving Petitioner with an administratively final order of removal.  (Exh. A, Hernandez

- 1 -

Decl. at ¶¶ 3-6; Petition at 8.)[1]

As of February 5, 2026, the Government had obtained all necessary documents required to effectuate Petitioner's removal to Cuba, and was preparing to submit the same to the Cuban government to obtain travel documents for Petitioner.  (Exh. A, Hernandez Decl. at ¶¶ 9-10.)

## B.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner, presently incarcerated in the San Luis Regional Detention Center at San Luis, Arizona, commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 20, 2026 (Doc. 1), before his removal order was administratively final.  Petitioner's Petition asserts a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), citing his detention since January 2, 2025. (Order 1/23/26, Doc. 4 at 1.)[2]

In the service Order, the Court liberally construed the Petition to include a Motion for Preliminary Injunction, and a response within 10 days was ordered. (*Id.* at 5.)

**Response** - On February 5, 2025 Respondents filed their Response (Doc. 9). Respondents argue that under 8 U.S.C. § 1231(a)(6) Petitioner was required to be detained during the "removal period," which runs for 90 days from the date the order of removal becomes administratively final, *i.e.* until Thursday, April 30, 2026.  Respondents further argue that under *Zadvydas*, an immigrant can be detained for up to six months after a final of order of removal without additional showing.  Because that deadline will not expire until Thursday, July 30, 2026, Petitioner is not entitled to relief under *Zadvydas*.

Respondents have not separately addressed the Motion for Preliminary Injunction.

**Reply** – Petitioner was given 10 days from service of an Answer to reply in support of the Petition.  That deadline expired on February 17, 2026 and no reply has been filed.

---

[1] Exhibits to the Response (Doc. 9) are referenced as "Exh. ___."

[2] Other claims asserted in the Petition were dismissed in the Service Order.  (Order 1/23/26, Doc. 4.)

- 2 -

### III.  APPLICATION OF LAW TO FACTS
### A.  MERITS OF PETITION

Petitioner argues that under the reasoning of Zadvydas, his continued detention is a violation of his rights to substantive due process.

8 U.S.C. § 1231(a)(2) requires that aliens be detained during the "removal period." The "removal period" is defined by statute as being a period of 90 days beginning on the latest of:

> (i) The date the order of removal becomes administratively final [or]  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Petitioner's order of removal became administratively final when the BIA denied his appeal on January 30, 2026.  Petitioner has not sought judicial review.  Accordingly, his removal period began\ January 30, 2026 and will not end until Thursday, April 30, 2026.  Petitioner proffers nothing to suggest he is not detained pursuant to § 1231(a)(2).  Thus his Petition is premature.

Even after that April 30, 2026, Petitioner may continue to be indefinitely detained 8 U.S.C. § 1231(a)(6).  In *Zadvydas*, the Court recognized that such detention raised due process concerns.

> Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute.

533 U.S. at 699. In *Clark v. Martinez*, 5432 U.S. 371 (2005) the Court revisited § 1231(a)(6) and determined that the construction applied in *Zadvydas* applied equally whether the alien was admitted and deportable, or unadmitted and inadmissible.

In *Zadvydas*, "[t]he Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no

significant likelihood of removal in the reasonably foreseeable future.'" *Clark*, 543 U.S. at 378 (quoting *Zadvydas*, 533 at 701). Here, Petitioner will not be beyond that six-month, presumptively reasonable time until July 30, 2026. Moreover, Petitioner proffers no reason to believe that his removal is not significantly likely to occur in the reasonably foreseeable future. The Government only recently (2024) able to remove Petitioner to Cuba, and there appears no reasons to believe they will not soon be able to do so again.

The Petition is without merit and must be denied.

### B. MOTION FOR PRELIMINARY RELIEF

"A [petitioner] seeking a preliminary injunction must establish that he is likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Petitioner's Petition is without merit, he cannot show a likelihood of success on the merits. Accordingly, his Motion for Preliminary Relief must be denied.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED:**

(A)  Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

(B)  Petitioner's Motion for Preliminary Injunction (Doc. 1) be **DENIED**.

## V.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any

findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: April 8, 2026

26-0341r RR 26 04 06 on HC.docx

James F. Metcalf
United States Magistrate Judge

- 5 -